UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY MCDONALD,

    Plaintiff,

v.                                                                              Case No: 8:16-cv-23-T-17MAP

JARED FOGLE, SUBWAY INC., and
DOCTOR'S ASSOCIATES, INC.,

    Defendants.

_____

ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

    This cause came before the Court pursuant to the *Emergency Motion for Preliminary Injunction (sic) Temporary Restraining Order, TRO* (Doc. No. 1) (the "**Motion**") filed by the Plaintiff, Wendy McDonald (the "**Plaintiff**"). Through the Motion, the Plaintiff seeks "a restraining order and injunction against Jared Fogle for (sic) ever entering a Subway sandwitch (sic) shop ever and barring Jared Fogle from schools, day cares, roller rinks," and "to modify conditions of Jareds (sic) federal supervised release to put a GPS on him for life." The Plaintiff also seeks "a restraining order banning all Subway commercials," mandatory "background checks of all Subway employees," and an order placing Jared Fogle into solitary confinement. For the reasons set forth below, the Motion is **DENIED**.

I.    **Legal Analysis**

    "The court may issue a temporary restraining order . . . only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;

and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, the Motion is not accompanied by an affidavit or verified complaint that clearly shows a risk of immediate and irreparable injury to the Plaintiff. The Motion also fails to certify any efforts made to give notice to the opposing party and the reasons why notice should not be required. As a result, the Motion is facially deficient, and the Court has no authority to enter a temporary restraining order. Consequently, the request for a temporary restraining order is denied, and the Motion will be construed as a motion for preliminary injunction.

Even construed as a motion for preliminary injunction, the Motion is subject to denial due to lack of jurisdiction. Generally, the Court has jurisdiction over only two categories of cases: (1) "civil actions arising under the Constitution, laws, or treaties of the United States," and (2) "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. §§ 1331 & 1332. Here, the Plaintiff fails to allege that the Defendant has violated any federal law, or that there is a matter in controversy that exceeds $75,000.00. Moreover, even if the Plaintiff could properly involve federal jurisdiction, the Court doubts that venue is proper in the Middle District of Florida, as the Plaintiff is a Pennsylvania resident, Jared Fogle is in the custody of the Federal Bureau of Prisons outside of the State of Florida, and Subway is a corporation founded in the State of Connecticut. If the Plaintiff elects to refile this action, she must do so in the appropriate state and/or federal tribunal, and in accordance with any applicable rules of procedure.

II. **Conclusion**

Accordingly, it is

**ORDERED** that the Motion is **DENIED**. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of January, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties